# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF New York

101737/17

SHERRI JEFFERSON

Plaintiff(s),

*-against-*

TAFT FRIDAYS 50, i/s/h/a The Riese Organization

Defendant(s).

Index No. [type in Index No]

# Summons

Date Index No. Purchased:

To the above named Defendant(s)

TTAFT FRIDAYS 50, i/s/h/a The Riese Organization Attn: Dennis Riese 560 5th Avenue New York, NY, 10036

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is [The place of injury & address of the Defendant's business which is 560 5th Avenue New York, NY, 10036

Dated: ~~11-29-2017~~ or TBD / / 2017

[Type in Law Firm]

by ______________________

[Type in name of signing attorney]

Attorneys for Plaintiff

Sherri Jefferson
Email: attyajeff@aol.com
Pro Se
Post Office Box 2054
Peachtree City, Georgia 30269
478-822-1529

FILED

DEC 8 - 2017

COUNTY CLERK'S OFFICE
NEW YORK

VERIFICATION

STATE OF NEW YORK

COUNTY OF Queens ss:

Sherri Jefferson, being duly sworn, deposes and says:

I am the/a defendant in the above-entitled action. I have read the foregoing answer and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

[sign your name in front of a Notary]

Sherri Jefferson
[print your name]

Sworn to before me this
28 day of November, 2017

Notary Public

ACCOMANDO DAVID
Notary Public, State of New York
Registration #01AC6203531
Qualified in Nassau County
Commission Expires April 13, 2013

**SUPREME COURT OF THE STATE OF NEW YORK**

**COUNTY OF NEW YORK**

SHERRI JEFFERSON,

Petitioner,

v.

Index No: FILED

DEC 8 - 2017

COUNTY CLERK'S OFFICE
NEW YORK

TAFT FRIDAYS 50, i/s/h/a The Riese Organization

Defendant,

**COMPLAINT FOR DAMAGES FOR**

**PERSONAL INJURY AND**

**DEMAND FOR JURY TRIAL**

**To the Honorable Supreme Court of the State of New York**

**COMPLAINT FOR DAMAGES FOR PERSONAL INJURY AND DEMAND FOR JURY TRIAL**

Plaintiff SHERRI JEFFERSON, files suit against Defendant, Taft Fridays 50, i/s/h/a The Riese Organization, et al and alleges the following:

**PARTIES, JURISDICTION, AND VENUE**

**Parties**

1. Plaintiff SHERRI JEFFERSON (hereinafter "Plaintiff") at all relevant times is a resident

2. of the State of Georgia.
3. Defendant Taft Fridays 50, i/s/h/a The Riese Organization, et al (hereinafter "Defendant") is a corporation organized under the laws of New York, with a principal place of business at 560 5th Avenue New York, NY, 10036.
4. At all relevant times, Defendant owns and operates chain restaurants including "T.G.I. Friday" "Dunkin' Donuts," "KFC", "Pizza Hut", "Nathan's Famous", and "Roy Rogers" Defendant operates multiple stores throughout the State of New York.
5. Defendant the Riese Organization owns and operates more than 60 restaurants and has annual revenue in excess of $1 billon.
6. At all relevant times, Defendant manufactured, produced, packaged, distributed and sold food to the public, including within the State of New York.

**Jurisdiction and Venue**

7. This Court is vested with jurisdiction over the Defendant because the Defendant conducts
8. Substantial business within New York County, the State of New York is organized under the laws
9. of New York.

10.Plaintiff has suffered damages in excess of $15,000.00.

11.Venue of this action is proper in New York County because a significant act or omission arose in this county, the Defendant's principal place of business is here and the Defendant transacts business here.

## FACTS

### Viral Gastroenteritis and Food Poisoning

12.Symptoms include watery diarrhea, loss of appetite, cramping, nausea, fatigue, fever, dehydration and weight loss.

13.These symptoms can last six weeks or longer.

14.Humans contract through contact by ingesting contaminated food.

15.The Plaintiff visited TGI Fridays on December 9, 2015 where she ordered a Chinese cuisine meal containing meat, cheese containing salad.

| 16.12/09/2015 | 17.POINT OF SALE DEBIT | 18.POS- TGI FRIDAY'S NEW YORK NY 000000000089562 | 19.- $96.87 |
|---|---|---|---|

20.TGI Fridays located on 211 West 34th in New York

21.That the plaintiff evidences food poisoning or foodborne illness by eating the contaminated food manufactured, produced, packaged, distributed and sold food to the public, which contained Infectious organisms — including

bacteria, viruses and parasites — or other toxins that lead to her food poisoning.

22. That the Plaintiff illness took effect within a few hours of eating the contaminated food and she experienced nausea, vomiting, diarrhea and fever, and abdominal pain and cramps, which did not subside.

23. That the plaintiff experienced signs or symptoms of dehydration — excessive thirst, dry mouth, little or no urination, severe weakness, dizziness, or lightheadedness and neurological symptoms such as blurry vision, muscle weakness and tingling in the arm before she fainted in the public and was transported to the hospital.

24. That the Plaintiff was diagnosis with a stomach virus and bacteria.

25. The Plaintiff suffered from gastroenteritis.

26. The Plaintiff contracted the illness from eating contaminated food at the 211 West 34 Street location of TGIF in New York City.

27. That the TGIF is owned and operated by the Defendant. As a direct and proximate result of consuming food at TGIF, she suffered and still suffers from the adverse impact of low potassium, which she experienced from dehydration due to vomiting, diarrhea, etc.

28. That the plaintiff has never suffered from low potassium and it was directly attributed to the loss of fluids. That the hospital had to provide two and a half bags of IV fluid due to loss of fluids because of diarrhea and vomiting.

29. The contaminated food is a defective product that was sold to the Plaintiff and injured her by causing food poisoning.

30. The restaurant is liable for negligence because it did not provide a safe environment with safe food.

31. The defendant engaged in a breach of warranty because the plaintiff had reason to expect and believe that the food product would meet the expectation of an ordinary buyer.

32. That the Plaintiff reported the food poisoning to the New York City Department of Health.

33. That the Plaintiff required immediate medical attention via Emergency room services and required medication.

**Count I Negligence**

34. The Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint as if set forth in full herein.

35. The defendant owed a duty of care to the Plaintiff and other customers to prepare and serve safe and wholesome foods products including dairy,

cheese, bagged salad mix containing iceberg and romaine lettuce, carrots, and red cabbage.

36. The Defendant owed a duty to the Plaintiff requiring the Defendant to conform to a reasonable standard of conduct for the safe storage, handling, preparation, distribution and sale of food product at their restaurants.

37. Defendant breached the duty of care owed to Plaintiff. Defendant's breach led to an unreasonable and foreseeable risk of foodborne illness to individuals including the Plaintiff.

38. The Defendant had a duty to properly supervise, train, and monitor its employees, and to ensure its employees' compliance with all applicable statutes, laws, regulations, or safety codes pertaining to the manufacture, distribution, storage, preparation and sale of similar food products, but the Defendant failed to do so. Failure to conform to this duty is negligence and led to an unreasonable and foreseeable risk of foodborne illness to individuals including the Plaintiff.

39. The Defendant also had a duty to use ingredients, supplies, and other constituent materials that were reasonably safe, wholesome, free of defects, and that otherwise complied with applicable federal, state, and local laws, ordinances, and regulations, and that were clean, free from adulteration, and safe for human consumption, but the defendant failed to do so.

40. Defendant breached this duty which is negligence which led to an unreasonable and foreseeable risk of foodborne illness to individuals including the Plaintiff.

41. Defendant's breach was the proximate cause of injury or damage to Plaintiff.

42. The Plaintiff was a person intended to be protected by safe food handling procedures and practices. As a direct and proximate result of the Defendant's acts and omissions of negligence, the Plaintiff ate food contaminated with bacteria and virus leading to infection and food poisoning.

43. Thus, Plaintiff suffered legally cognizable damages caused by the Defendant's breach in an amount to be determined at trial.

**Count II Strict Liability**

44. The Plaintiff repeats and realleges each and every allegation contained in paragraphs one through thirty-two of this Complaint as if set forth in full herein.

45. At all times relevant hereto, the Defendant was a manufacturer, distributor and/or seller of a defective product, i.e. meat, diary, cheese, the salad or salad mix containing iceberg and romaine lettuce, carrots, and red cabbage that was contaminated bacteria and virus that causes food borne illness.

46. Defendant placed the defective product on the market.

47. The defective product was sold in an unreasonably dangerous condition.

48. The adulterated food product (the cheese, salad or meat) that the Defendant manufactured, distributed, and/or sold was, at the time it left the Defendant's control, defective and unreasonably dangerous for its ordinary and expected use because it contained a bacteria or virus, which was a deadly pathogen.

49. The defective product reached the Plaintiff without substantial change in condition in which the product was sold.

50. The defect is the proximate cause of the Plaintiff's injury.

51. The Defendant is strictly liable for damages caused by the Plaintiff eating adulterated food contaminated with bacteria or virus.

52. As a direct and proximate result of the Defendant's acts and omissions the Plaintiff ate food contaminated with bacteria or virus and suffered legally cognizable damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the entry of a judgment against Defendant as follows:

1) That the Court award Plaintiff judgment against Defendant in such sums as shall be determined to fully and fairly compensate Plaintiff for all general, special, incidental and consequential damages incurred, or to be incurred, by Plaintiff as

the direct and proximate result of the Defendant's defective product and their acts and omissions. These include, but are not limited to, physical pain and suffering, both past and future; medical and medical related expenses, both past and future; travel and travel-related expenses, both past and future; emotional distress and future emotional distress; pharmaceutical expenses, both past and future; wage loss; and other ordinary, incidental and consequential damages as would be anticipated to arise under the circumstances;

2) That the Court award Plaintiff her costs incurred in prosecuting this action;

3) That the Court award Plaintiff the opportunity to amend or modify the provisions of this complaint as necessary or appropriate after additional or further discovery is completed in this matter, and after all appropriate parties have been served; and

4) That the Court award such other and further relief as it deems necessary and proper in the circumstances.

This 28th day of November 2017

/s/ Sherri Jefferson
**Pro Se Litigant**

Post Office Box 2054
Peachtree City, Georgia 30269
478-922-1529

Email: attysjjeff@aol.com

New York County Clerk's Office
Paym 510357 12/08/2017 12:15p
Cashier MJPOSNER Register # 7

Tr.669331 $210.00
Supreme Court General Index Res. (General)
101737/2017 JEFFERSON SHERRI vs. TAFT FRIDA
Y'S 50, I/S/H/A THE RIESE ORGANIZATION

Total: $210.00

Check $210.00