USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _2/11/2020_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHERRI JEFFERSON,

        Plaintiff,

-against-

TAFT FRIDAY 50TH St. LLC, i/s/h/a TAFT FRIDAYS 50, i/s/h/a THE RIESE ORGANIZATION,

        Defendant.

18 Civ. 1578 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    In this action for damages, Plaintiff *pro se*, Sherri Jefferson, alleges that she contracted food poisoning at TGI Friday's, a restaurant owned by Defendant, Taft Friday 50th St. LLC, and located at 211 West 34th Street in Manhattan (the "restaurant" or "TGI Friday's"). Compl., ECF No. 3-1. The complaint alleges (1) negligence and (2) breach of the implied warranty of fitness for food. *Id.* Defendant moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. ECF No. 227. For the reasons stated below, Defendant's motion is GRANTED.

## BACKGROUND[1]

### I.   Facts

    The facts are undisputed except where otherwise noted. The Court has drawn all reasonable inferences in favor of Plaintiff, as the nonmovant. *See Costello v. City of Burlington*, 632 F.3d 41, 45 (2d Cir. 2011).

    On December 8, 2015, while traveling from Plaintiff's home state of Georgia to Connecticut and New York for the Thanksgiving holiday, Plaintiff dined with her niece at a TGI Friday's. Def. 56.1 ¶¶ 35–46, ECF No. 227-14. Plaintiff ate an appetizer sampler and a chicken dish. *Id.* ¶ 48. The chicken dish had vegetables, cheese, a starch, and sauce. *Id.* ¶¶ 48–

---

[1] The following facts are drawn from the parties' pleadings and submissions, including the complaint, Defendant's Rule 56.1 statement of undisputed facts, and declarations.

49. Plaintiff complained to the waitress that there was an issue with the cheese, and that the dish tasted "sour," like vinegar, but Plaintiff pushed off some of the cheese and tried to eat the meal. *Id.* ¶ 50. Plaintiff's niece did not eat any of Plaintiff's food. *Id.* ¶ 52. Plaintiff and her niece then returned to their hotel, and Plaintiff went to sleep. *Id.* ¶¶ 53–54. About an hour or two after going to bed, Plaintiff woke up with an upset stomach. *Id.* ¶ 54. She sweated profusely and had diarrhea. *Id.* ¶ 55. The following morning, Plaintiff exited her room and fainted in the hotel lobby. *Id.* ¶ 56. The paramedics were called, and she was taken to Lenox Hill Hospital in Manhattan. *Id.* ¶¶ 57–58. Plaintiff's hospital records state that she suffered from severe low potassium and a viral infection. *Id.* ¶ 59. Plaintiff testified that she recalled having a conversation with hospital staff regarding the possibility that a virus from a foodborne illness could cause vomiting, diarrhea, and fever. *Id.* ¶ 60.[2]

After her discharge from the hospital, Plaintiff stayed in New York until she felt well enough to return to Georgia. Def. 56.1 ¶¶ 61–63. Plaintiff reports that she remained bedridden until January 4, 2016. *Id.* ¶ 64. She did not seek additional medical services upon returning to Georgia. *Id.* ¶ 65.

On December 8, 2017, Plaintiff filed suit in New York state court. ECF No. 3-1. On December 22, 2017, Defendant filed a verified answer, ECF No. 3-2, and served, *inter alia*, a demand for a verified bill of particulars, ECF No. 3-3. On January 22, 2018, Plaintiff served her verified bill of particulars and approximated her damages to be approximately $1,252,974. ECF No. 3-4 ¶ 20. Specifically, she claimed $974 for "Drs. Bill," $125.00 for "Supplies – IV and Prescriptions," $250,000 for "Loss of Earnings . . . expected income from loss [sic] opportunity

---

[2] Specifically, Plaintiff testified that she recalls being given a form with a possible diagnosis: "I do remember having my conversation asking what that form meant – it was a form that was given. And I remember them sharing with me the different reasons why a person would have that; some being food poisoning, viral infection that could spread from food, that could create diarrhea, what they call a 24 or 48 or 72 hour flu, some symptoms that could last much longer than that[.]" Pl. Dep. 148:9–16, ECF No. 227-1–3.

to immediately market book and TV/Movie deal for 'Motor City,'" a book Plaintiff wrote or planned to write, $1,000,000 for "Loss of Income from an opportunity to produce docu-drama for series for 'Motor City,'" and $1,875 for "Hospital Expenses." *Id.* On February 21, 2018, Defendant filed a notice of removal to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441, where the parties are diverse and the amount of controversy exceeds $75,000. ECF No. 1.

The TGI Friday's restaurant in question opened in 2015, the year of Plaintiff's visit. Def. 56.1 ¶ 66. The restaurant reported no food poisoning complaints, nor any failed New York City inspections, in 2015. *Id.* ¶¶ 67–68.

II. Expert Reports

A. Plaintiff's Expert Reports

Plaintiff's initial expert disclosure, dated August 9, 2018, designated two expert witnesses—Daniel Dewey-Mattia, M.P.H., and Matthew E. Wise, Ph.D.—and described the experts' anticipated testimony as "provided to guide the jury on interpretation of foodborne illness and their expertise about reporting by hospitals." ECF No. 72-1. Plaintiff's initial expert disclosure, however, was not accompanied by a written report as required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. *See generally* ECF No. 72-1. Plaintiff's second expert disclosure is a duplicate of Plaintiff's initial disclosure and also failed to include a written expert report. *See generally* ECF No. 201.

Plaintiff's third expert disclosure designated a third expert witness, Brijal T. Patel, M.D., who was listed in Plaintiff's medical records as her attending physician at Lenox Hill Hospital. *See* ECF No. 220; Def. Ex. 2 at DEF 0016, ECF No. 227-4. The disclosure states that Plaintiff intends to call Dr. Patel to testify "regarding her diagnosis as a viral infection and viral gastroenteritis within the ambit of the claims of food borne illness." ECF No. 220. The third

3

disclosure again failed to include a written report pursuant to Rule 26(a)(2)(B). *See generally* ECF No. 220.

B. Defendant's Expert Reports

Defendant disclosed, and produced an expert report prepared by, two expert witnesses: Chester Clarke, M.D., M.P.H., M.A., and Arthur Miller, Ph.D., C.F.S. Def. Expert Rep., ECF No. 215-1; *see also* Def. Ex. 7, ECF No. 227-12.

## DISCUSSION

I. Legal Standard

Summary judgment is appropriate when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–26 (1986). A genuine dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The moving party initially bears the burden of informing the Court of the absence of a genuine dispute of material fact by citing particular evidence in the record. Fed. R. Civ. P. 56(c)(1); *Celotex*, 477 U.S. at 323–24; *Koch v. Town of Brattleboro*, 287 F.3d 162, 165 (2d Cir. 2002). If the nonmoving party has the ultimate burden of proof on specific issues at trial, the movant may also satisfy its own summary-judgment burden by demonstrating that the adverse party cannot produce admissible evidence to support an issue of fact. *Celotex*, 477 U.S. at 322–23; *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam). If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine dispute of material fact. *Beard v. Banks*, 548 U.S. 521, 529 (2006); *PepsiCo*, 315 F.3d at 105. In deciding the motion, the Court views the record in the light most favorable to the

nonmoving party. *Koch*, 287 F.3d at 165.

II. Analysis

    A. Defendant's Rule 56.l Statement

The Court first addresses the parties' submissions regarding the Rule 56.1 statement of material facts. A district court "need not advise a *pro se* litigant as to the nature of summary judgment where an opposing party has already provided the litigant with the requisite notice . . . or where the record otherwise makes clear that the litigant understood the nature and consequences of summary judgment." *McPherson v. Coombe*, 174 F.3d 276, 281 (2d Cir. 1999) (internal quotation marks and citation omitted).

Defendant provided Plaintiff the requisite notice of the nature of summary judgment proceedings. *See* ECF No. 227-13 (Defendant's notice to Plaintiff). Moreover, Plaintiff was formerly a licensed attorney, Pl. Dep. 8:5, 28:20–21, 29:15–23 (testifying that she was licensed to practice law in the state of Georgia and various federal districts), and thus, Plaintiff is presumed to have some familiarity with the Federal Rules of Civil Procedure.[3] The Court concludes, therefore, that Plaintiff was afforded sufficient notice regarding the nature of Defendant's summary judgment motion, as well as of the requirements of Federal Rule of Civil Procedure 56 and Local Civil Rule 56 of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 56.1").

---

[3] The Court takes judicial notice of Plaintiff's admission to the Georgia state bar on October 29, 2003, although as of October 7, 2019, Plaintiff is no longer licensed to practice law. *Member Directory Search*, State Bar of Georgia (last visited Feb. 11, 2020), *available at* https://www.gabar.org/MemberSearchDetail.cfm?ID=Mzg3NjQ1; *see Fernandez v. Zoni Language Centers, Inc.*, No. 15 Civ. 6066, 2016 WL 2903274, at *3 (S.D.N.Y. May 18, 2016), *aff'd*, 858 F.3d 45 (2d Cir. 2017) (noting that, "[p]ursuant to Rule 201 of the Federal Rules of Evidence, a court may take judicial notice . . . of any fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," including "documents evidencing . . . licenses" (internal quotation marks, citations, and ellipses omitted)). Because Plaintiff is no longer a licensed attorney, in evaluating the parties' submissions, the Court does grant Plaintiff the solicitude typically afforded *pro se* litigants, even though "a lawyer representing himself ordinarily receives no such solicitude at all." *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010); *see also Anthes v. Nelson*, 763 F. App'x 57, 60 n.2 (2d Cir. 2019).

Plaintiff's opposition papers, however, did not comply with Local Rule 56.1. First, Local Rule 56.1(b) requires that such papers "include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party . . . as to which it is contended that there is a genuine issue to be tried." Plaintiff, however, did not respond to each numbered paragraph in Defendant's Statement of Facts, whether by correspondingly numbered paragraphs or otherwise, notwithstanding her repeated filings opposing summary judgment. *See generally* Pl. Opp., ECF No. 233; *see also* ECF Nos. 231,[4] 256, 259.

Federal Rule of Civil Procedure 56(c) further requires that a party asserting that a fact is genuinely disputed "must support the assertion by . . . citing to particular parts of materials in the record," or by "showing that the materials cited to do not establish the absence or presence of a genuine dispute . . . ." Similarly, Local Civil Rule 56.1(d) requires that "[e]ach statement by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible." Plaintiff does not provide such citations. *See generally* Pl. Opp.

Therefore, for the purposes of this motion, Defendant's statement of facts which are supported by the record and which Plaintiff has not specifically controverted with admissible evidence in accordance with Federal Rule of Civil Procedure 56 and Local Rule 56.1 will be deemed admitted. *See Suares v. Cityscape Tours, Inc.*, 603 F. App'x 16, 18 (2d Cir. 2015) ("Here, plaintiff did not submit a counterstatement and, thus, failed to controvert any paragraphs in defendants' statements.").

The Court finds, after close review of the record, that Defendant's Rule 56.1 statement is properly supported by admissible evidence. *See Giannullo v. City of New York*, 322 F.3d 139,

---

[4] Plaintiff's memorandum of law filed at ECF Nos. 231 and 233 are identical, except that the submission docketed at ECF No. 233 includes attachments. As such, the Court will refer to the version filed at ECF No. 233 and its exhibits.

140 (2d Cir. 2003) (conducting an independent review of the record for admissibility of evidence where the nonmovant failed to specifically controvert the movant's Rule 56.1 statement). Recognizing that Plaintiff proceeds *pro se* and the latitude such litigants are usually afforded, the Court has also undertaken an independent review of the record to ensure the absence of genuine disputes of material fact. After such a review, and for the reasons stated below, the Court concludes that no admissible evidence genuinely controverts Defendant's statement of material facts. As such, even if Plaintiff had contested Defendant's Rule 56.1 statement, the Court concludes that such disputes would not have been genuine.

The Court now turns to the merits of Defendant's motion.

### B. Negligence

"In order to establish a prima facie case of negligence under New York law, [plaintiff] must demonstrate: 1) the existence of a duty flowing from defendant to plaintiff; 2) a breach of this duty; 3) a reasonably close causal connection between the contact and the resulting injury; and 4) actual loss, harm or damage." *Stagl v. Delta Air Lines, Inc.*, 117 F.3d 76, 79 (2d Cir. 1997) (internal quotation marks and citation omitted). Defendant argues that Plaintiff's claim fails at the second and third elements, breach of the duty of care and causation, because Plaintiff cannot provide admissible evidence establishing that the food prepared and served to her was unfit for consumption, or that the meal caused her illness. Def. Mem. at 3–4, ECF No. 227. The Court agrees.

First, there is no evidence that Plaintiff in fact suffered from food poisoning. Defendant's experts opine that Plaintiff's diagnosis of a "viral syndrome" does not indicate that she suffered from a foodborne illness. Def. Expert Rep. at 1. Additionally, Defendant's experts note that Plaintiff's testimony that she began vomiting "one to two hours" after eating at the restaurant, Pl. Dep. 171:6, combined with her reported length of illness, contradicts the medical literature on

7

foodborne illnesses. Def. Expert Rep. at 2. Specifically, the reported onset of her symptoms indicates that Plaintiff must have ingested a "preformed toxin," *id.*, but the duration of symptoms for such toxin illness is "typically less than 24 hours, and often less than 12 hours," *id.* (internal quotation marks and citation omitted). Yet Plaintiff testified to being bedridden for nearly a month. Pl. Dep. 245:10–11. Defendant's experts conclude, therefore, that Plaintiff's reported onset and duration of symptoms are inconsistent with contracting a foodborne illness from food served to her at the restaurant. Def. Expert Rep. at 2.

Plaintiff makes numerous assertions in her opposition and sur-reply papers attempting to refute Defendant's expert testimony. *See generally* ECF Nos. 230, 256, 259. However, as the nonmoving party, Plaintiff must produce evidence in the record, and "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible." *Ying Jing Gan v. City of New York*, 996 F.2d 522, 532 (2d Cir. 1993). That Plaintiff recalls speaking with hospital staff about the possibility of her symptoms resulting from food poisoning, Pl. Dep. 148:9–16, is insufficient to meet this requirement. First, such testimony amounts to inadmissible hearsay.[5] Second, it falls short on substance, because the reported testimony does not link a pathogen in the TGI Friday's food to the symptoms experienced by Plaintiff. *See Williams v. White Castle Sys., Inc.*, 772 N.Y.S.2d 35 (App. Div. 2004) ("While plaintiff['s] treating physician hypothesized that [the illness plaintiff contracted] could be caused by food-borne pathogens, no scientific evidence was offered in support of this theory, much less was there evidence that plaintiffs had ingested a particular pathogen causally associated with [plaintiff's illness].").[6]

---

[5] Plaintiff cannot offer her testimony of what the hospital staff may have said to prove the truth of the matter asserted in the statement, *i.e.*, that she in fact suffered from a "viral infection that could spread from food." Fed. R. Evid. 801(c).

[6] *See also Bunkley-Claybrooks v. Shelly's of New York*, No. 07 Civ. 7727, 2009 WL 2486046, at *4 (S.D.N.Y. Aug. 14, 2009) ("The incubation period for food poisoning can be up to forty-eight hours. It is mere speculation, therefore, to attribute the plaintiff's symptoms to her consumption of unwholesome or contaminated food at the

Moreover, the Court is unable to rely on Plaintiff's characterizations of the anticipated testimony of her experts, because she has not provided expert reports. Fed. R. Civ. P. 26(a)(2)(B); *see generally* ECF Nos. 72-1, 201, 220. Although Plaintiff contends that her diagnosis was "within the ambit of the claims of food borne illness," ECF No. 220, she has provided no admissible evidence to buttress these assertions.

In the absence of medical records evincing food poisoning, Plaintiff must raise other questions of fact, such as that "someone or others in the same party ate the same solids and became ill, or that a complaint was made to the defendant restaurant or to the Board of Health with perhaps an examination by said Board of the food allegedly eaten." *Pendola v. M. & S. Cafeteria*, 133 N.Y.S.2d 799, 801 (N.Y. Civ. Ct. 1954). Plaintiff, however, has not done so. Defendant notes that, on the same day of Plaintiff's visit, the restaurant sold four of the same chicken dish and fourteen of the same appetizer that Plaintiff ordered, but no other complaints of food poisoning were made. Def. Mem. at 3–4.[7]

Courts routinely grant summary judgment to defendants in suits alleging food poisoning where the plaintiff fails to provide medical proof linking the illness to the consumed meal. *See, e.g.*, *Bunkley-Claybrooks*, 2009 WL 2486046, at *6; *Laboy v. White Castle Sys., Inc.*, No. 02 Civ. 438, 2003 WL 22939689, at *1 (S.D.N.Y. Dec. 11, 2003); *Williams*, 772 N.Y.S.2d at 36; *Valenti*, 615 N.Y.S.2d at 85. "The plaintiff may rely on circumstantial evidence to prove her

---

defendants' restaurant, where it is undisputed that the plaintiff had eaten other foods in the previous forty-eight hours and where there is no medical evidence as to the cause of her symptoms." (citation omitted)); *Valenti v. Great Atl. & Pac. Tea Co.*, 615 N.Y.S.2d 84, 85 (App. Div. 1994) ("The mere fact that the plaintiff became nauseous about one-half hour after consuming some of the [allegedly contaminated food] is insufficient to withstand the defendants' motion for summary judgment.").

[7] Plaintiff's remaining contentions of fact are unavailing, *see generally* ECF Nos. 233, 255, 259, because the disputes are not (1) genuine, (2) regarding facts that are material, or (3) supported by admissible evidence. *See McPherson*, 174 F.3d at 279–80 ("While genuineness runs to whether disputed factual issues can reasonably be resolved in favor of either party, materiality runs to whether the dispute matters, *i.e.*, whether it concerns facts that can affect the outcome under the applicable substantive law." (internal quotation marks, citation, and ellipses omitted)). To the extent not addressed in this opinion, Plaintiff's arguments are rejected as speculative and without merit.

case, 'but the circumstances must be such as to lead to the logical inference or conclusion that the food allegedly eaten by the plaintiff was tainted.'" *Bunkley-Claybrooks*, 2009 WL 2486046, at *4 (quoting *Pendola*, 133 N.Y.S.2d at 800). Because Plaintiff does not provide circumstantial evidence that leads to the logical inference that she suffered food poisoning from her meal at TGI Friday's, summary judgment is appropriate.

In sum, the Court holds that Plaintiff has failed to put forth a genuine dispute of a material fact regarding (1) a breach of a duty of care, and (2) a reasonably close causal connection between the breach and the resulting injury. Because a defendant need only negate one element of a plaintiff's claim to prevail on summary judgment, the Court does not address the parties' arguments regarding the element of damages.

Accordingly, Defendant's motion for summary judgment dismissing Plaintiff's negligence claim is GRANTED.

### C. Implied Warranty

To prevail on an implied warranty claim, a plaintiff must "demonstrate that a product was introduced into commerce, that it was not fit for its ordinary purpose (in this case not fit for consumption), that defendant either manufactured or distributed the product, that plaintiff used (or consumed) it and that she was injured as a result." *Luna v. Am. Airlines*, 676 F. Supp. 2d 192, 198–99 (S.D.N.Y. 2009), *aff'd sub nom. Luna v. Am. Airlines, Inc.*, 578 F. App'x 58 (2d Cir. 2014) (citing N.Y. U.C.C. § 2–314(2)(c)).

Plaintiff's claim for breach of implied warranty suffers from the same fatal flaws as her negligence claim. Namely, she has not provided evidence from which a reasonable jury could conclude that she was diagnosed with a foodborne illness and that the illness was caused by her consumption of food at TGI Friday's. *See supra*; *Singer v. Krasne*, 34 N.Y.S2d 236, 236 (App. Term 1941) (per curiam) (holding that evidence is insufficient to support a plaintiff's claim of

food poisoning if it only "shows the illness was produced by one of several causes from any one of which alone it could have just as reasonably and probably resulted"). For the reasons previously stated in the Court's analysis of the negligence claim, Plaintiff's evidence supporting her claims that she contracted food poisoning as a result of her meal at TGI Friday's is insufficient to withstand Defendant's motion for summary judgment.

Accordingly, Defendant's motion for summary judgment dismissing the breach of implied warranty claim is GRANTED.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED, and Plaintiff's complaint is DISMISSED. The Clerk of Court is directed to terminate the motion at ECF No. 227, mail a copy of this order to Plaintiff *pro se*, and close the case.

SO ORDERED.

Dated: February 11, 2020
       New York, New York

_____
ANALISA TORRES
United States District Judge